UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDMUND K. STEVENSON,

    Petitioner,

vs.                                      Case No. 8:05-CV-265-T-27MSS
                                    Crim Case No. 8:03-CR-497-T-27MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) and the United States' Response in Opposition (CV Dkt. 4).[1] Upon consideration, Petitioner's motion is DENIED.

### Procedural History

Petitioner was charged in a one count Indictment with being a felon alien found in the United States without permission after having been deported on or about March 1, 1999, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (CR Dkt. 1). Petitioner pleaded guilty (CR Dkt. 15). On April 26, 2004, Petitioner was sentenced to a term of imprisonment of 77 months and a term of supervised release of 3 years (Dkts. 22, 23). He did not appeal.

Petitioner's § 2255 motion is timely. In his § 2255 motion, Petitioner raises four grounds for relief:

---

[1] Although afforded the opportunity to file a reply to the Government's Response, Petitioner did not do so. (See Dkt. 5).

1

**Ground One:** Whether I was denied my 6th Amendment right as interpreted by <u>Blakely v. Washington</u>;

**Ground Two:** That my sentence was increased [based] on prior conviction thus creating double jeopardy;

**Ground Three:** Denial of 6th Amendment Rights as stated in Grounds One and Two; and

**Ground Four:** Ineffective Assistance of Counsel.

### Retroactive Application of Blakely/Booker

As to Grounds One, Two and Three, Petitioner's *Blakely/Booker*[2] contentions that his Sixth Amendment rights were violated when his offense level was enhanced by virtue of his prior convictions are without merit. Although *Blakely* has been applied to the federal sentencing guidelines, neither *Blakely* nor *Booker* apply retroactively on collateral review. *Varela v. United States*, 400 F.3d 864, 867 (11th Cir. 2005), *cert. denied,* 126 S.Ct. 312 (2005).

### Procedural Default

In any event, Grounds One, Two and Three are procedurally defaulted. A claim that was previously available but which was not raised before the district court or on appeal is procedurally defaulted from consideration on collateral review, absent cause and prejudice. *McCoy v. United States,* 266 F.3d 1245, 1258-59 (11th Cir. 2001); *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152 (1982). To show cause for not raising a claim, Petitioner must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim previously. *Lynn v. United States*, 365 F.3d 1225, 1235, n. 20 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, Petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v.*

---

[2] *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).

2

*Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted). To establish actual innocence, Petitioner must demonstrate that in light of all the evidence, it is more likely than not that *no reasonable juror would have convicted him.* This means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623-24.

In the instant case, Petitioner has made no showing of cause and prejudice. Furthermore, there is no evidence establishing that Petitioner is actually innocent. Therefore, Petitioner's claims in Grounds One, Two and Three are procedurally barred from collateral review.

### Ineffective Assistance of Counsel

In Ground Four, Petitioner contends he received ineffective assistance of counsel because counsel failed to raise the *Blakely/Booker* issue before the district court. To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must demonstrate that his attorney's "representation fell below an objective standard of reasonableness" considering the circumstances as they existed at the time of representation. *Id.* at 687-88. This requires him to overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases. *Id.* at 689. Even if Petitioner can show that counsel performed incompetently, he must also show that he was prejudiced in such a manner that, but for counsel's errors, there exists a reasonable probability that the outcome of the proceeding would have been different. *Id.* at 688, 694. A "reasonable probability" is one that is ". . . sufficient to undermine confidence in the outcome" of the proceedings. *Id.* at 694.

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise

of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Van Poyck v. Fla. Dept. of Corrections*, 290 F.3d 1318, 1322 (11th Cir. 2002) (citing *Chandler*, 218 F.3d at 1315). Moreover, where the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. *Chandler*, 218 F.3d at 1314-15.

Under the first prong of *Strickland*, an attorney owes a lesser duty to a client who pleads guilty than to one who goes to trial, although counsel still must "make an independent examination of the facts and circumstances and offer an informed opinion to the accused as to the best course to follow." *Agan v. Singletary*, 12 F.3d 1012, 1017-18 (11th Cir. 1994). Moreover, in order to satisfy *Strickland's* prejudice prong, Petitioner must show not only that his attorney committed professional error, but also a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To be entitled to collateral relief, Petitioner must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985) (quoting, *McMann v. Richardson*, 397 U.S. 759, 774 (1970)).

Petitioner essentially complains that his attorney was ineffective in not anticipating a change in the law resulting from *Blakely* and *Booker*. Generally, however, an attorney does not render ineffective assistance in failing to have anticipated changes in the law as a result of *Apprendi*. *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001); *United States v. Levy*, 391 F.3d 1327, 1334 (11th Cir. 2004). Indeed, when Petitioner was sentenced, a *Blakely* Sixth Amendment objection to

4

use of Petitioner's prior convictions would have been contrary to controlling Eleventh Circuit precedent. *See United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001)(*en banc*).

Even if Petitioner's counsel should have anticipated those changes in the law, Petitioner has not and cannot establish that he was prejudiced by any deficient performance by his attorney. Petitioner's complaint is that his attorney should have objected to an increase in his offense level resulting from his prior convictions. Use of prior convictions, however, does not violate the Sixth Amendment prohibitions addressed in *Blakely* or *Booker*. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *United States v. Henderson* 409 F.3d 1293, 1306-1307 (11th Cir. 2005); *United States v. Orduno-Mireles* 405 F.3d 960, 962 (11th Cir. 2005)("Thus, the Court's holding in *Booker*, that the Guidelines cannot be mandatory consistent with a defendant's Sixth Amendment rights, is not implicated when a defendant's sentence is enhanced based on a prior conviction.")[3]

To establish prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Here, even if Petitioner's attorney had anticipated *Blakely* and *Booker* and objected to use of Petitioner's prior convictions to enhance his offense level, those objections would not have been sustained. Petitioner cannot, therefore, show that his attorney's performance, if deficient, prejudiced him. Unless a petitioner satisfies both prongs of the *Strickland* test, relief must be denied.

---

[3] Petitioner does not contend that the district court resolved disputed facts related to his prior convictions which were not adjudicated in the prior proceeding, as addressed in *Shepard v. United States*, 544 U.S. 13 (2005).

*Butcher v. United States*, 368 F.3d 1290, 1293-94 (11th Cir. 2004); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong"). Where, as here, Petitioner is unable to establish either prong of the *Strickland* analysis, his claim must be dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995). Ground Four accordingly has no merit.

There is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**. The Clerk shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE AND ORDERED** in chambers this 27th day of November, 2006.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner
Counsel of Record
SA/jh

6